RICARDO CRUZ CORTÉS, peticionario y apelante, v. GERARDO DELGADO, JEFE DE LA PENITENCIARÍA ESTATAL, demandado y apelado.

*Número:* AP-66-2          *Resuelto:* 31 de octubre de 1966

Ricardo Cruz Cortés, *pro se. J. B. Fernández Badillo, Procurador General,* e *Irene Curbelo, Procuradora General Auxiliar,* abogados del apelado.

PER CURIAM: Apunta el apelante Ricardo Cruz Cortés, que no fue debidamente representado por el letrado Luis H. Rivera durante el proceso que se siguió en el Tribunal Superior, Sala de Mayagüez, en contra de él y tres más por tres delitos de portar armas y uno de infracción a la Ley Núm. 67 de 1934, consistente en tener en su poder ocho botellas conteniendo sustancia explosiva que se conoce como bombas Molotov, con la intención de usarlas para hacer daño corporal y a la propiedad. También apunta que se le privó de una vista imparcial en este recurso porque el fiscal le hizo preguntas impertinentes a los méritos del recurso, es decir, sobre si el peticionario estaba cumpliendo sentencias por delitos de drogas y a qué estaban destinadas las bombas a que se refería la acusación que dio lugar al proceso en cuestión.

En apoyo de estos apuntamientos, arguye el apelante que su objeción a la pregunta de si él estaba "cumpliendo . . . por drogas" fue declarada con lugar; que el fiscal insistía en hacer preguntas sugestivas sobre otras sentencias las que eran improcedentes. Añadió que no estuvo debidamente representado por el Lic. Rivera debido a que éste no se entrevistó con el apelante durante los meses que éste permaneció recluido en la cárcel; que en las dos ocasiones en que habló con dicho abogado en la oficina del Alguacil del Tribunal Superior no lo hizo "como para prepararme para juicio"; que debió prepararse una defensa adecuada que él no tuvo; que lo declararon culpable y él tuvo que apelar por su propio derecho; que su defensa fue "pro forma, insuficiente" porque no hubo tiempo de prepararse para juicio. En su declaración en la vista de este recurso añadió que el Lic. Rivera "No me hizo una entrevista en la cárcel de distrito donde yo estuve recluído más de nueve o de ocho meses, sin salir de allí bajo la custodia del superintendente de la cárcel de Ponce. El fue nombrado

mi abogado y para llevar a cabo mi defensa debió haber celebrado varias entrevistas, cosa que yo pudiera explayarme; pero en ningún momento me fue a ver. Yo me vi con él dos o tres veces aquí en la Corte, en la oficina del alguacil." Alega que el testimonio del propio Lic. Rivera demuestra que no lo representó adecuada y efectivamente, pues su declaración fue dudosa, basada en "creencias" pues no pudo testificar específicamente cuántas veces se entrevistó con el apelante ni el tiempo que duraron tales entrevistas; que el Lic. Rivera habló poco durante el juicio; que el Lic. Mari Bras, quien representaba a otro de los coacusados habló todo el tiempo e hizo una buena defensa de su representado pero no así el Lic. Rivera, aunque todos los coacusados resultaron convictos.

Hemos examinado detalladamente la transcripción de la vista celebrada en el Tribunal Superior, Sala de Mayagüez en este recurso y la del juicio celebrado en ese tribunal con motivo de las causas seguidas en contra del apelante y otros tres coacusados. Nada hemos encontrado en estos récords que sostenga la contención del apelante. Por el contrario, ambos demuestran con toda claridad que el Lic. Rivera representó al apelante hábil, adecuada y efectivamente. Se entrevistó tres veces con el apelante, quien le dijo que no tenía testigos. Testificó el Lic. Rivera que en las tres entrevistas celebradas en la oficina del Alguacil "hablamos todo lo que teníamos que hablar con respecto al caso y que en ningún momento se nos interrumpió en la conversación." Durante el juicio de las causas el Lic. Rivera contrainterrogó los testigos del fiscal. En beneficio de su representado reprodujo un planteamiento de derecho, aducido por el Lic. Mari Bras, lo cual dio lugar a la absolución de los acusados por los delitos de portar armas. Antes de entrar a juicio, el Lic. Rivera conferenció con los tres coacusados que representaba y con los abogados del cuarto y entre ellos se acordó establecer, como establecieron, la defensa de falta de conocimiento por parte de los coacusados de la existencia de las bombas Molotov en el baúl

del vehículo. Por último, solicitó una instrucción que fue transmitida al jurado de que la declaración de uno de los coacusados en la cual se mencionaba al apelante solamente podía constituir prueba en contra del declarante y que no podría utilizarse con respecto a los otros tres coacusados. Hemos examinado cuidadosamente esta declaración y resulta evidente de la misma que aunque hacía referencia al apelante como uno de los que viajaba con el declarante en el vehículo en que se encontraron las referidas bombas, negó todo conocimiento de éstas, así como de las armas encontradas. La referencia al apelante se limitó a que al declarante lo recogieron cerca del Hotel Palace en San Juan y que el apelante y los otros dos le dijeron que iban rumbo a Ponce pero que si el declarante pensaba ir a Mayagüez que aprovechara y se fuera con ellos lo que hizo. Nos reafirmamos en el juicio que sobre este particular expresamos en nuestra opinión en *Pueblo* v. *Ruiz Vélez*, 85 D.P.R. 483 (1962).

En cuanto a las preguntas improcedentes del fiscal, específicamente sólo se hizo una sobre una "sentencia anterior por drogas" a la que el apelante hizo objeción, actuación del apelante que fue prontamente sostenida por el tribunal y por lo tanto no pudo perjudicarle como pudo haber sido el caso de tratarse de una vista ante un jurado.

*Por lo tanto, no se cometieron los errores apuntados y en tal virtud se confirma el dictamen del Tribunal Superior, Sala de Mayagüez, de 1ro. de diciembre de 1965, denegando el recurso de hábeas corpus.*